**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------X
**KAMOLPORN LUMMAYOS**, as Parent and Natural Guardian of **R.L.**, and **KAMOLPORN LUMMAYOS**, Individually,

Plaintiff,

-against-

**KAMAR H. SAMUELS**, in his official capacity as Chancellor of the **NEW YORK CITY DEPARTMENT OF EDUCATION**, and the **NEW YORK CITY DEPARTMENT OF EDUCATION**,

Defendants.
---------------------------------------------------------------------------X

**1:26-cv-03949-DEH**

**ORDER TO SHOW CAUSE ~~[PROPOSED]~~**

**~~[PROPOSED]~~ ORDER TO SHOW CAUSE WHY DOE SHOULD NOT BE HELD IN CONTEMPT AND ORDER ENFORCING COMPLIANCE WITH R.L.'S STAY-PUT RIGHTS, THE AUGUST 14, 2024 ORDER ON PENDENCY, SRO DECISION NO. 25-125, AND CONTINUING PENDENCY OBLIGATIONS**

Upon the accompanying Memorandum of Law in Support of Motion to Enforce and Compel Compliance with R.L.'s Stay-Put Rights, the August 14, 2024 Order on Pendency, SRO Decision No. 25-125, and Continuing Pendency Obligations, and for an Order to Show Cause Why DOE Should Not Be Held in Contempt; the Complaint and exhibits; the administrative decisions and record materials cited therein; and all prior pleadings and proceedings in this action, it is hereby:

ORDERED that Defendants shall show cause before the Honorable Dale E. Ho, United ~~States District Judge, at the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007, Courtroom ___, on ___________, 2026, at __:__ _.m., or~~ by written submission ~~if so ordered by the Court~~, why an order should not be entered granting the relief set forth below;

ORDERED that Defendants shall show cause why the Court should not enforce DOE's automatic stay-put obligations under 20 U.S.C. § 1415(j) and 34 C.F.R. § 300.518 and compel DOE to maintain R.L.'s legally established status quo as a matter of law;

ORDERED that Defendants shall show cause why DOE should not be compelled to fund R.L.'s 2024-2025 pendency placement, including iBRAIN tuition, related services, required supports, Sisters transportation, and B&H Nursing;

ORDERED that Defendants shall show cause why SRO Decision No. 25-125 should not be enforced in full, including the determination that DOE is obligated to fund iBRAIN tuition, related services, transportation through Parent's chosen transportation provider, and nursing through Parent's chosen nursing provider;

ORDERED that Defendants shall show cause why DOE should not be compelled to fund R.L.'s 2025-2026 pendency placement, including iBRAIN tuition, related services, required supports, Sisters transportation, and B&H Nursing, while the 2025-2026 proceedings remain pending;

ORDERED that Defendants shall show cause why DOE should not be required to provide, within seven (7) days of the Court's order, a written accounting identifying all payments made, authorized, pending, rejected, or withheld for R.L.'s 2024-2025 and 2025-2026 tuition, related services, transportation, nursing services, late fees, and interest; the basis for any nonpayment; and the date on which any unpaid amount will be paid;

ORDERED that Defendants shall show cause why the Court should not award, preserve, or set an expedited process to determine contract-based late fees and interest caused by DOE's failure to maintain R.L.'s contract-defined status quo when required;

ORDERED that Defendants shall show cause why the Court should not set a date-certain deadline for DOE's full compliance;

ORDERED that Defendants shall show cause why, if DOE fails to comply with any enforcement order entered by the Court, DOE should not be held in civil contempt and subject to coercive sanctions sufficient to compel compliance;

ORDERED that Defendants shall file any opposition papers by November 20, 2026, at __:__ _.m.;

ORDERED that Plaintiff shall file any reply papers by November 30, 2026, at __:__ _.m.;

ORDERED that service of this Order to Show Cause and the supporting papers through ECF shall be deemed good and sufficient service upon all parties who receive electronic notice through ECF, and Plaintiff shall serve any party not receiving ECF notice by email or other method reasonably calculated to provide prompt notice by November 9, 2026, at __:__ _.m.; and

ORDERED that the Court retains authority to grant such other and further relief as it deems just and proper.

The Clerk of Court is respectfully requested to terminate ECF 9.

SO ORDERED.

Dated: November 6, 2026
New York, New York

~~HON. DALE E. HO~~
~~United States District Judge~~

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE